IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL HREN, on behalf of the Carolinas Electrical Workers Retirement Fund,<br><br>    Plaintiff,<br><br>v.<br><br>BERNARD IRBY INC.,<br><br>    Defendant. | NO. 3:19-cv-00770<br><br>JUDGE RICHARDSON |

## MEMORANDUM OPINION AND ORDER

On August 30, 2019, Plaintiff filed this action against Defendant. (Doc. No. 1). Thereafter, a summons was issued to Defendant on September 3, 2019. (Doc. No 4). By October 25, 2019, service was executed on Defendant; thus, a responsive pleading was due on or before November 15, 2019. (Doc. No. 8); *see* Fed. R. Civ. P. 12(a). Defendant failed to answer or otherwise defend against Plaintiff's Complaint, and Plaintiff applied for an entry of default on November 25, 2019. (Doc. No. 11). The Clerk made an entry of default against Defendant on March 20, 2020. (Doc. No. 13). As of this date, Defendant has yet to file an answer, motion, or responsive pleading.

On May 19, 2020, Plaintiff filed the instant Motion for Default Judgment (Doc. No. 16, "Motion"). Via the Motion, Plaintiff asks the Court to enter default judgment against Defendant and, as for remedy, (1) enjoin Defendant to produce a Report for each month from January 2019 to the present and for each month thereafter through August 2021, and (2) enter judgment in the amount of damages shown by the contents of those Reports. (Doc. No. 17 at 3). For the following reasons, the Motion is GRANTED.

**I. Default Judgment**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, the Clerk shall enter the party's default. *See* Fed. R. Civ. P. 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. *See Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.*, No. 3:14-CV-1929, 2018 WL 4007537, at *8 (M.D. Tenn. Aug. 20, 2018) ("By virtue of the defaults, the factual allegations in the [complaint] are conclusively admitted.") (Trauger, J.); *Stooksbury v. Ross*, No. 12–5739, 2013 WL 2665596, at *3 (6th Cir. June 13, 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading).

Here, Plaintiff's alleges that Defendant is a party to a collective bargaining agreement that requires Defendant to pay contributions to the Carolinas Electrical Workers Retirement Fund ("Fund") in the amount of 8% of wages for each hour worked by each of Defendant's covered employees. (Doc. No. 1 at ¶¶ 7-9). Plaintiff additionally alleges that the Fund operates on a self-reporting payment system whereby participating employers (such as Defendant) identify those employees for whom contributions are owed, identify the covered hours worked by the covered employees, make monthly reports of those employees' hours ("Reports"), and make payments of contributions to the Fund based on the hours reflected in those Reports. (*Id*. at ¶ 10). The Complaint alleges that Defendant has failed to submit the Reports or corresponding payments to the Fund since July 2018. (*Id*. at ¶ 12).

The Complaint also alleges that, in violating these agreements, Defendant violated the Employee Retirement Income Security Act of 1974, ("ERISA"), which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the

plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

The Court accepts these well-pleaded allegations as admissions of Defendant's liability. *See Sony/ATV Music Publ'g LLC*, 2018 WL 4007537, at *8. Accordingly, pursuant to Federal Rule of Civil Procedure 55(b), the Court will enter default judgment in favor of Plaintiff as to liability.

**II. Injunctive Relief**

Although a default judgment establishes a defendant's liability, a court must make an independent determination of the sum to be awarded pursuant to the judgment unless the amount of damages is certain.[1] *See U.S. v. Proceeds of Drug Trafficking Transferred To Certain Foreign Bank Accounts*, 757 F. Supp. 2d 24, 27 (D.D.C. 2010); *Teamsters Local 639-Employers Health Trust v. Boiler and Furnace Cleaners, Inc.*, 571 F. Supp. 2d 101, 107 (D.D.C. 2008).[2]

Plaintiff contends that "because Defendant failed to submit the Reports showing monthly work hours of covered employees, [], [Plaintiff] is unable to submit evidence of its monetary damages, which are calculated based on those employees' work hours each month as reported by the employer." (Doc. No. 17 at 2). Thus, Plaintiff asks the Court to "enjoin Defendant to produce a Report for each month from January 2019 to the present and for each month thereafter through August 2021." (*Id*. at 3).

ERISA provides that a court may grant the plaintiffs "such other legal or equitable relief as [it] deems appropriate." 29 U.S.C. § 1132(g)(2)(E). This provision allows the court to construct appropriate remedies, which may "include an injunction requiring a defendant to permit, and

---

[1] The fact that the sum to be awarded is not yet identifiable (due to Defendant's failure to disclose the Reports) does not prevent this Court from entering a default judgment as to liability. *See Trustees of Indiana State Council of Roofers Health & Welfare Fund v. Mech.*, No. 1:17-CV-786, 2019 WL 590870, at *2 (S.D. Ohio Feb. 13, 2019) (granting default judgment as to liability, but not as to damages, and ordering the defendant to submit a payroll audit).

cooperate with, an audit of its books and records." *Mason Tenders Dist. Council Welfare Fund. v. Bold Constr. Co.*, No. 01CIV0641LTSTHK, 2002 WL 1788024, at *3 (S.D.N.Y. Aug. 1, 2002)); *see also Trustees of the Tile, Marble, & Terrazzo Indus. Ins. Fund v. Livonia Tile & Marble, Inc.*, No. 16-14219, 2017 WL 4122310, at *3 (E.D. Mich. Sept. 18, 2017) (granting the plaintiff's motion for default judgment and, pursuant to ERISA, directing the defendant to produce books and records to aid in ascertaining the amount of damages); *Int'l Painters & Allied Trades Indus. Pension Fund v. Exec. Painting, Inc.*, 719 F. Supp. 2d 45, 52 (D.D.C. 2010) (noting that ERISA authorizes courts to grant "such other legal or equitable relief as the court deems appropriate" and granting the plaintiff's requested injunctive relief by ordering the defendant to submit all outstanding reports (citing 29 U.S.C. § 1132(g)(2)(E))); *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 70 (D.D.C. 2002) (same). Further, injunctive relief is appropriate when "the defendant has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process[.]" *Carpenters Labor–Mgmt. Pension Fund v. Freeman–Carder LLC*, 498 F. Supp. 2d 237, 242 (D.D.C. 2007) (citation omitted).

Here, Defendant has resisted Plaintiff's various requests for Defendant's payroll records, (*see* Doc. No. 18 at 1), despite being required by the collective bargaining agreement and ERISA to turn over such records. Therefore, because Defendant has not complied with the collective bargaining agreement or ERISA and has remained unresponsive throughout the judicial process, the Court grants Plaintiff's request to enjoin Defendant to produce a Report for each month from January 2019 to the present and for each month thereafter through August 2021.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is GRANTED as to liability, while the amount of liability remains an issue to be determined before final judgment can be issued. Accordingly:

    1. Defendant is ORDERED to produce a Report for each month from January 2019 to the present and for each month thereafter through August 2021.

    2. Plaintiff shall notify the Court when such Reports are obtained. Thereafter, the Court will set a hearing on the issue of the amount of damages to be awarded.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE